CONTINENTAL NAT. BANK OF NEW YORK v. TRADESMEN'S NAT. BANK et al.

(Supreme Court, Appellate Division, First Department.   May 6, 1898.)

DISCOVERY—INSPECTION OF PAPERS.

In an action brought to determine the amounts due to various claimants in a certain fund, and to procure a distribution accordingly, it appeared from the pleadings that both the plaintiff and defendant banks had taken successive assignments of the fund as security, and that to enable the plaintiff to establish its case it must show the amount of the defendant's claim, in order to lay a basis for distribution. The only source of information was the books of the defendant, and documents held by it. *Held*, on plaintiff's motion for inspection and discovery, that this was not a fishing excursion, and that plaintiff was entitled to an inspection of the papers, and a sworn copy of the entries relating to the dealings in question.

Appeal from special term, New York county.

Action by the Continental National Bank of New York against the Tradesmen's National Bank and others. From an order denying a motion for inspection and discovery, plaintiff appeals. Modified.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

J. M. Wainwright, for appellant.
Charles M. Demond, for respondents.

RUMSEY, J.   It appears from the complaint that some 20 years ago, one Phineas Burgess, had a contract with the United States government to do work upon a man of war, for which, when finished, he was to receive a large amount of money. On the 8th of July, 1878, he borrowed $10,000 from the plaintiff upon his promissory note, and as collateral security for the loan he pledged this claim against the national government. Before the amount due from the government was liquidated, it became necessary to bring an action in the court of claims, which was done, but judgment was not finally rendered in that action until the month of January, 1897, at which time it was adjudged that the persons entitled under Burgess should recover from the government the sum of $129,000. In 1883 the firm of which Burgess was a member, who had succeeded to his rights in the matter, having become in-

debted to the Tradesmen's National Bank, made an assignment to that bank of the claim against the government to secure the amount of the debt to the Tradesmen's Bank. Afterwards, and in the month of September, 1885, the persons then entitled to this claim made a further assignment to the plaintiff by way of additional security for whatever might then be owing to it. After the award had been made by the court of claims the plaintiff brought this action against all persons claiming any interest in the fund, to determine the amounts due to each person who claimed any interest, and to have the fund divided as among those who were entitled to it in the proportion to which each one might justly be found to be entitled. The complaint sets up the two assignments to the plaintiff, under which the plaintiff claims to be entitled to receive this fund. It also sets up the assignment to the Tradesmen's Bank, and alleges that that bank claims to be entitled to a large portion of the amount to be collected out of the fund. It appears from the complaint that the plaintiff does not know, and is not able to ascertain, the particulars of the claim of the Tradesmen's National Bank, or of the other defendants who claim to have liens upon this fund. All the defendants appear by one attorney, and answer together. They deny substantially that the plaintiff has any claim to this fund. They admit that there are other claims and liens as alleged by the plaintiff in its complaint, and they substantially insist that the defendants are entitled to the whole of the fund, to the exclusion of the plaintiff. It is unnecessary to consider the other allegations of the answer. It is apparent from those which have been stated that, to enable the plaintiff to prove its case, it is bound to show, not only that it has an interest in this fund by assignment from those persons who were the owners of it, but, as it is alleged that the assignment to the Tradesmen's Bank is prior to the last assignment under which the plaintiff claims, it is also necessary for the plaintiff, in establishing its case, to show the amount of the claim of the Tradesmen's Bank, so that the court, in distributing the fund, may be able to determine how large a portion, if any, of this fund, is to go to the plaintiff after paying the amount to which the Tradesmen's Bank may be fairly entitled. It will be seen, therefore, that until the plaintiff shall be able to make some proof of the amount of the claim of the Tradesmen's Bank which is to be paid out of this fund, it will not be in a situation to obtain a final determination of its own rights, some of which are subsequent in date to those of the Tradesmen's Bank. It is essential, therefore, that the plaintiff, to make out his case, should have knowledge of the amount of the claim of the Tradesmen's Bank. That amount appears, of course, only by the documents and books of that bank. It appears from the petition which was presented upon this motion that the Tradesmen's Bank claims to be entitled to practically the whole of the fund, basing its claim on certain promissory notes. The petitioner alleges that these notes do not correctly set forth the true amount due to that bank, but that to ascertain that amount it is necessary to examine the books of the bank, so far as they refer to the dealings between Burgess and

his firm and the Tradesmen's Bank.  It appears, by the answering affidavit, that the claim of the bank is based upon certain notes, and it is said that those notes were given for money advanced by the Tradesmen's Bank to Burgess, and the firm with which he was connected, and that no payments have been made upon them.  It is evident that the plaintiff cannot make proof of the amount of the claim of the Tradesmen's Bank unless it shall have access to those notes, and shall be put in a position to show the precise amount that is due upon them, and this it clearly will not be able to do except by reference to entries in the books of the Tradesmen's Bank with regard to these transactions.  It will be seen, therefore, that this application cannot fairly be said to be an effort to ascertain the evidence of the adverse party, but it may be sustained upon the ground that it is an effort on the part of the moving party to obtain evidence which is essential for its own use upon the trial in making its own case.

No question is made as to the power of the court to compel a discovery and inspection under these circumstances, which always existed, and which now is fixed by section 803 of the Code of Civil Procedure.  While the court will not require a discovery and inspection under its powers, if it is evident that the application is made as a mere fishing excursion to bolster up a weak case, or to ascertain the defects in the adversary's case, yet such motions are favored when there is any reason to believe that they are made in good faith for the purpose of getting at the facts of the case, and determine the rights of the parties.  It is very clear that in this case the evidence sought is the only evidence which can be produced by the plaintiff to enable it to prove an essential part of its case, and for that reason it was justified in making this application, and it is entitled to be informed of the particulars of this defendant's claim.  But it is not entitled—at least in the first instance—to an examination of all the books of the defendant.  All that it can claim is that it shall be put in possession of the transactions had between the Tradesmen's National Bank and Phineas Burgess and the firm of Burgess & Secor and Charles A. Secor with regard to these matters.  Nothing else can be material in this action, but as to these matters this motion should have been granted.  The order denying the motion, therefore, must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs, so far as to require the Tradesmen's National Bank to deposit in the office of the county clerk, or with a referee, to be named, the original notes upon which this claim is based, with all renewals thereof which shall have been made from time to time, and to give to the plaintiff sworn copies of the entries in its books with regard to the transactions between Phineas Burgess and the firm of Burgess & Secor and Charles A. Secor and the administrators of the estates of Phineas Burgess and Charles A. Secor, respectively, showing the amounts advanced by it to Burgess or the firm of Burgess & Secor, upon which claims are made under the assignment of November 9, 1883, and whatever payments have been made

by Burgess or Burgess & Secor or Secor or the administrators of either, respectively, upon these claims, down to the time of the commencement of the action. All concur.